In the Matter of the Estate of CHARLES REED, Deceased.

Surrogate's Court, Westchester County, January 19, 1940.

*Russell B. Livermore*, for Jessie M. Reed (now Jessie M. Robins), as trustee, etc.

*Jerome Beaudrias*, special guardian.

MILLARD, S. The testator, a resident of the city of Yonkers, died on September 21, 1913, leaving a will which was duly admitted to probate on October 15, 1913. In his will the testator created a trust of his residuary estate with income payable to his widow during her lifetime, with remainder over to his children by his wife, Jessie M. Reed, then surviving, or their issue.

At the time of his death, testator was the president and chief stockholder of Pettit & Reed, a corporation engaged in the wholesale

butter and egg business in the city of New York. An inventory of his estate showed that his property was of the value of approximately $300,000, consisting of real estate, mortgages, bonds and stocks. His stock in Pettit & Reed constituted one of the largest assets of his estate. In paragraph " Eighth " of his will, testator directed his executors " not to withdraw the money on deposit or loaned to Pettit and Reed by me at the time of my death for a period of three (3) years after my decease, unless it shall be agreeable to my son Stephen K. Reed, and unless such repayment or withdrawal is consented to by him." Stephen K. Reed, now deceased, was one of the executors and trustees named in the will, the other being the widow, Jessie M. Reed, now Jessie M. Robins.

The pertinent provisions of his will, sought to be construed in this proceeding, read as follows:

" *Ninth.* All the rest, residue and remainder of my property, both real and personal, wheresoever situated, I give, grant and devise unto my executrix and my executor hereinafter named, in trust however for the following purposes; at their discretion to convert the whole or any part thereof into cash; to sell any or all of the real estate at public or private sale and to give good and sufficient conveyance therefor, and the proceeds, together with the cash on hand, which I may leave, to invest and reinvest in *interest paying* or *dividend paying* securities; and to pay to my wife Jessie M. Reed half yearly or quarter yearly, the interest, income, dividend or profits derived from said investments and the rents or incomes derived from any real property remaining unsold, also to pay to my said wife, Jessie M. Reed, half yearly or quarter yearly during the term of her natural life." (Italics supplied.)

In the absence of express contrary authorization in a will, it is the duty of testamentary trustees to invest estate funds in securities authorized for investments by the law of this State. (*Matter of Doelger*, 254 App. Div. 178, 183; affd., 279 N. Y. 646.) In the instant will, however, the testator, in my opinion, expressly authorized his trustees to invest in that type of securities which do not strictly fall within the scope of investments required by section 111 of the Decedent Estate Law and section 21 of the Personal Property Law. The only limitation imposed by him is that they be " interest paying " or " dividend paying " securities. The word " dividend," as commercially used, is defined to be " a portion of the earnings of a corporation distributed on a percentage basis to holders of stock in proportion to number or par value of shareholders," and the word " interest " as " that which is of advantage or profit; participation in profit; payment for the use of money." (Funk & Wagnall's New Standard Dict.)

The court is, therefore, in agreement with the construction proposed by the trustees and the special guardian to the effect that the trustees are not required to confine their investments to that class of securities authorized by law, but may invest in so-called "nonlegal" securities, and the will is construed accordingly.

No objections having been filed to the account, the same is judicially settled and allowed as filed. The application of Mortlock S. Pettit for permission to resign as successor trustee is granted, and Russell B. Livermore is appointed as successor trustee in conjunction with Jessie M. Robins, the present trustee, upon qualifying according to law and filing a bond in the sum of $1,500 and depositing the remainder of the assets of this estate, subject to the order of this court, with the New York Trust Company at 100 Broadway, New York city, as depositary.

Settle decree accordingly.